The first matter that I will call this morning is agenda number one, docket number 121371, People of the State of Illinois v. Robert Carey, counsel for Appellant Annapolis, are you ready? You may proceed. Good morning. May it please the court, counsel. I am Assistant Attorney General Michael Cibula on behalf of the People of the State of Illinois. The appellate court's ruling that defendant's felony murder conviction should be vacated because supposedly the indictment failed to include the statutory citation to the underlying predicate of attempted armed robbery or specify the weapon used is wrong for three independent reasons. To begin with, I think we must always keep in mind that defendant did not challenge the indictment on this basis in the trial counsel said on the record multiple times that she fully understood the felony murder charge against the defendant. This idea that there was somehow something confusing or unclear about the indictment was never raised until appeal. And even in the appellate court, defendant waited until his petition for rehearing before he ever argued that the indictment failed to sufficiently allege felony murder. This extreme delay is important, not just for what it says about the merit of defendant's claim, but also for what standard should be applied when reviewing the indictment. As this court has said, when an indictment is not challenged until the appeal, the indictment must be liberally construed. This court has correctly recognized that a just and efficient legal system does not vacate convictions based on formalistic or inflexible pleading rules. Because defendant waited so long, as this court has said, he has not come close to meeting either one of those requirements. First of all, count one of the indictment plainly provided more than enough information to allow someone to prepare a defense. Count one identified the charge against defendant, which was first degree murder. It provided the statutory citation 9-1A3, which refers to felony murder. It described the nature of the murder. It said that defendant committed felony murder in that, quote, in the course of committing attempted armed robbery, he set in motion a series of events that led to the victim's death. What notice did he have that the armed robbery charge was with a dangerous weapon other than a firearm? Well, first of all, Your Honor, this court has never held that an indictment must identify the statutory citation to an underlying predicate felony. In fact, in People v. Simmons, this court held the exact opposite, that indictments do not need to include the statutory citation to the underlying predicate felony. That's consistent with this court's longstanding rule, which it's upheld in cases like Allen, Rosa Chalky, and Maxwell, that in Illinois there's only one crime of murder. And so, for example, if an indictment charges any form of murder, such as intentional murder, but does not allege felony murder or doesn't allege any kind of predicate felony or what weapon was used, the defendant still can be convicted of felony murder because, as this court has said, in Illinois there's only one count of murder. And the specific way that that murder was committed, whether it's intentional murder or felony murder, to say nothing of the predicate felony or the weapon used, that's not something that has to be specifically alleged in the indictment. Defendant's theory and the appellate court's ruling, they're directly contrary to that court's longstanding precedent. It doesn't prejudice defendants in any way because I was going to ask you, does the fact that the jury found the defendant was armed with a firearm factor into our prejudice analysis? It completely ends the prejudice analysis. I think he was, defendant's only argument on prejudice is that he wasn't sure, well, his argument that he's now changed to in this court is that the jury was presented with alternative theories. He admits now in this counsel what the charge was, felony murder based on a predicate of attempted armed robbery with a firearm. He is now complaining in this court that in addition to that, the jury was instructed and counsel argued in closing an additional alternative theory of a dangerous weapon other than a firearm. That was based on some testimony from one of the eyewitnesses that as part of the attack, the defendant picked up some pipes and swung it at one of the security guards' head. So that's his only basis for prejudice. But because we know the jury specifically found that he was guilty under the firearm theory, we know there was no prejudice based on the only argument that he's raised. If I may tack back to notice though for a moment, as I mentioned, count one clearly provided all the information that's required. But even if this court were to hold that an indictment must include statutory citation to the underlying predicate felony and identify the weapon used, read as a whole the indictment did provide that information. It's black letter law that an indictment must be read as a whole and that details that are missing from one count of the indictment may be supplied by other counts of the indictment, even if those other counts have been dismissed, which was this court's holding in People v. Morris. Here count two alleged that he committed attempted armed robbery with a firearm. It provided the statutory citation to that charge and it alleged that with the use of a firearm, with the use of his derringer, he threatened the security guards and attempted to rob them. So clearly the indictment under this court's longstanding authority, whether you look at what this court has said about what must be alleged about predicate felonies or if you look at the one crime of murder rule, the indictment clearly provided all the information that was required to do. I would note that even if hypothetically though there were an issue with the indictment, certainly there was no prejudice in this case. This court is held in cases like People v. DiLorenzo and Quadrero. There's no prejudice when the defendant was charged with. That's clearly the case here. Defense counsel said multiple times she understood the defendant was charged with felony murder based on attempted armed robbery with a firearm. That's the exact charge for which the defendant was convicted. This court has also said independently as a second reason, there's no prejudice where the record shows the defendant raised a defense to the charge against him. Again, that's the case here. Defense counsel postponed trial a couple times so that she could meet with an expert and have the gun tested. She obtained a pretrial ruling that if the evidence supported her argument, she could argue that the weapon he used was actually an antique so it fell within the statutory exception to the definition of firearm. She cross-examined all the eyewitnesses about whether or not the defendant actually used a firearm in the attack. She cross-examined the state's expert about to emphasize that the gun was old, it was rusted, didn't work when it was examined, it was unloaded when it was examined. She emphasized all those points in closing argument. Then she argued that the defendant wasn't trying to rob anyone, he just carries this gun because he lives and works in a dangerous neighborhood. Third, and also independently, this court has held in cases like Maggette, Braum, and Davis that there's no prejudice where the details that are allegedly missing from the indictment are irrelevant to the defendant's theory of the case. Again, that's true here. Defendant's theory was that his partner was deeply depressed and was trying to commit suicide by security guard and that all the defendant was trying to do was save his partner's life. That theory does not depend in any way on what the underlying predicate was, certainly whether it was with a firearm or with a dangerous weapon. These are all three independent bases that are well supported by multiple cases from this court. In his brief, the defendant, even though we set these out in detail in our briefs, he does not respond to any of them in any way. As I mentioned a moment ago, as we discussed, he does have this theory about the alternative basis. For the reasons I mentioned, that's a red herring. There's nothing unusual about pursuing alternative bases for culpability and certainly here there was no prejudice because we know he wasn't convicted based on the dangerous weapon theory. Your Honor, there was nothing wrong with the indictment. Theoretically, there were. He certainly was not prejudiced in any way. On this first issue, unless there are any questions about the indictment, we would ask that this court reverse and vacate the appellate court's judgment and affirm his felony murder conviction. If I may briefly turn to his cross-appeal, defendant has tried to develop an argument in this court that his felony murder conviction should be vacated because he believes the State was required to prove that the gun he used was both loaded and operable at the time of his attack and that the State supposedly failed to do this. That proved that that was so. The first major problem with this argument is that it's barred by the doctrine of invited error because defense counsel said multiple times on the record the State was not required to prove that the gun was operable or loaded. On the very first day of trial, defense counsel agreed that under the law the State was not required to prove that the gun was functional at the time of the attack. She made the same statement in the jury instructions conference that it was irrelevant that the gun didn't work. The jury was then instructed without objection that a firearm is defined as any device that's designed to fire a projectile. Defense counsel never requested an instruction that the gun had to be operable. She never requested an instruction that the gun had to be loaded. So defendant can't completely change his position on appeal and his argument is barred by the doctrine of invited error. It's also meritless. His cross-appeal rests on two ideas, both of which are wrong. He first says that the jury was not allowed to decide whether his Derringer was a firearm as defined by Illinois law and he also argues that the State was required to prove that it was both operable and loaded at the time of the attack. As to the jury, the jury was specifically asked multiple ways whether or not the defendant's firearm under Illinois law. They were instructed that the predicate felony required the State to prove the defendant was armed with or carried on his person a firearm. As I mentioned, they were instructed without objection that a firearm is any device designed to fire a projectile. Because the State was seeking a sentencing enhancement, they were also given a special interrogatory asking whether the State had proven the defendant was armed with a firearm during the attack and they said yes. So the jury was asked multiple ways whether the State had met its burden to prove that he used a firearm. And for reasons I mentioned a moment ago, the defense was given multiple opportunities to dispute that and they did, but ultimately they were unsuccessful. As to the State's burden, literally every single case cited by the parties holds that the only thing the State has to prove is that the gun was designed to fire a projectile. Every single case on this point holds that it's irrelevant if a gun is broken or unloaded. If I can take just one example, I would refer to People v. Williams because that's a case the defendant relies on and asks this Court to apply. In People v. Williams, the Court examined the statute, it's an appellate court decision, said that under the statute, firearms defined broadly as any device designed to fire a projectile, period. In that case, the gun was heavily damaged. It had a completely broken and bent firing pin. The barrel of the gun fell off if you tried to pull the trigger. It certainly didn't work. The Court there said that doesn't matter because the gun was designed to fire a projectile and that's all that matters, not its current ability to do so. And the reason for that holding in Williams and the reason for that holding in every single case that's examined this issue is because that's exactly what the statute says. As I mentioned, the attempted armed robbery statute only requires the State to prove that the defendant carried on or about his person a firearm. Firearm is defined by statute as any device designed to fire a projectile, period. Neither statute mentions words like bullets, loaded, operable, working condition. So what Defendant's Cross Appeal is really asking this Court to do is to add words to the statutes that aren't there. But obviously it's the most basic principle of statutory interpretation that you can't do that. You can't add words that aren't there. You have to apply the plain language of the statute. And I think that rule takes special weight in this case because if we look at other sections of the criminal code, we see that when the legislature wants to limit crimes to only loaded guns or only guns that are a working condition, they expressly do so in very simple, clear terms. For example, the crime of unlawful use of a weapon expressly exempts guns that are broken down and unloaded. Laws that prohibit the sale or transfer of guns also specifically exempt in plain language guns that are permanently inoperable. There's no such language in the statute. Of course, that makes a lot of sense from a policy decision basis. We all know that if someone uses a gun in an armed robbery, even a gun that might be unloaded or might be broken, that raises the risk to everyone involved, including innocent bystanders, a police officer, a security guard. No one has any idea that an armed robber's gun is unloaded or might be broken. So what happens is they pull out their own guns and they may fire, which puts everyone at risk. This case is a perfect example of that, unfortunately. If you believe defendant, neither he nor his partner had a loaded working gun. Nevertheless, we know that one person died, another person was shot in the head and lost an eye, and we know that multiple other bystanders were put at risk. So the legislature's decision, it makes sense from a policy perspective. The defendant's proposed rule would not benefit anyone except for armed robbers who are able to commit a crime and then unload their gun or break their gun before it's recovered by police. That's not what the law is. It's not what the law should be. The legislature has made a very sensible policy decision and we ask that this court protect it by applying the plain language of the statutes. Unless there are any other questions, we ask that the court affirm the defendant's felony murder conviction. Thank you. Thank you, counsel. Captain Lee. Good morning, your honors. May it please the court. Good morning, counsel. My name is Manuel Cerritos. I'm here this morning on behalf of Robert Carey, who was convicted according to the appellate court based on his lack of due process notice. He in the charging instrument that the state argues to sustain, the defendant was charged with felony murder attempt armed robbery. This court in Clark in Washington has found that there's two armed robbery statutes in Illinois. One dangerous weapon, the other firearm. The predicate is not apparent in the charging count. The state refers throughout its argument that you can look at the other counts. The state does not say that the other counts were nally pros. A nally pros is a formal entry of record that denotes the state's unwillingness to prosecute. The appellate court provided a thorough analysis that defense counsel did not know which armed robbery statute that the state was prosecuting. In fact, from beginning to end, this appears to be a house of mirrors for the defendant. We begin first with the count that's charged attempt armed robbery with firearm. That was nally. Then it was in. It's out as it's nally. The state told counsel, don't worry about the derringer. We're not going to argue dangerous weapon. Lo and behold, they argued dangerous weapon in closing argument. In fact, they were instructed on dangerous weapon. There were two pipes involved. It was supposed to be a fake shotgun. The state also argued that. To the jury, they argued that they could use the fake pipes, the fake shotgun, as a dangerous weapon. Once again, that's not part of the count. So in other words, the state's effort to make this a statutory citation, it defies what this area of law is about. Can the state, in cases, just charge intentional murder and then still get a felony murder instruction without any indication that without charging felony murder in any sort? Yes, that's Maxwell. Maxwell, they charge intentional, strong possibility. The state has offered no case. What's the difference there in charging felony murder? Then why do you claim a fatal defect not to specify the subsection of the armed robbery statute relied upon where the only charge is felony murder? Isn't there an incongruency there? I'm sorry, I didn't catch your question. Well, you're saying, you indicated that you can just charge intentional murder and still get a felony murder instruction, but yet it seems to say, in this specific instance, you're saying that there has to be a clear specification of the subsection of the armed robbery statute if the only charge is felony murder, right? Yes, Your Honor. It doesn't provoke... Isn't there an incongruency there? Well, the congruency lies in that the predicate offense is an essential element of felony murder. We don't know what the felony murder is without the predicate offense. But following up on Justice Thomas' question, if the charge does not include any felony murder charge, how do you know what the felony murder charge is if the only charge is intentional murder? Well, the case law looks at... In Maxwell, there were two counts, and there were other two counts. And the law is, I believe under Hall, that you can look at the entire indictment. But we don't have that here where there's just one count of felony murder without a predicate, without an adequate predicate. So in this instance, if the state had not now processed the other charges, would it have been sufficient? Under Hall, it would have been, Your Honor. If you look at count two, it provides... It kept that count, a fully alleged attempt to arm robbery with a firearm. But in this count, we don't even have that. It had reference to a firearm. That's why this was a rather free-spirited prosecution below, where the state has argued armed robbery... The firearm is a firearm. The firearm is a dangerous weapon. The pipe is a dangerous weapon. That... We speak of whether the defendant had time to prepare his defense. But what about the time to execute their defense, to know what the prosecution charges are? Defense counsel was put in a rather unambiguous position of arguing about a firearm. And also, the state references that the defense counsel had an opportunity to put holes in whether this was a firearm. But the state admits that the trial court's ruling prohibited any challenge to the derringer not being a firearm just because it was not functional. But before trial began, the theory that everyone seemed to be receding on is that the charge here was a firearm. That is true, Your Honor. And on the very day, first day of trial, right before Provideer, they not leave that count. But in terms of notice... I'd like to take you back. What is the standard we should be looking at here, where these issues arise? Well, the standard lies in Pujol case. They provide a pretty definitive language where they say that the criminal allegation is sufficient if it apprised Dick Hughes of the precise offense charge with sufficient specificity. That was not done here. How about the prejudice piece of this? The prejudice piece, as I alluded earlier, the defense counsel didn't know exactly what to defend against. All pretrial, it was really clear. The arguments, it was pretty clear. Excuse me, the arguments? I should say the evidence was certainly about the firearm. Certainly. Whether it was a firearm or not. That was the evidence that was introduced, correct? Correct. I'm not sure what the surprise is. Is it a surprise that the state also argued that it was a dangerous weapon? Is that where the confusion arises? They argued that in closing argument, and they argued the pipes in closing argument, and the jury received instructions per the state on dangerous weapon. What was dangerous weapon doing in here if the state was proceeding on firearm? They're giving alternatives, correct? I'm trying to explicate how defense counsel was off balance throughout. She didn't know what she was defending against. But she only didn't know because after it was now across, right? After it was now across, she assumed that there was a firearm, this vague reference to a firearm. Count two alleged a firearm, but it was gone. What does counsel? So it goes back to my original question about if they had not now processed the charge, then there would be no issue. There would be no issue. You could apply Hall to look at the whole indictment. But we don't have the whole indictment. The state has yet to cite one case from pillar to post, from the beginning to the end, where there's just one count. And you derive all sorts of theories from that one count. It's just not here. Have you got a case to cite to us that's close to what you're talking about? I came across no case like this, Your Honor, that were – I don't even know how to describe the charge without a predicate offense. What is it? So essentially, you're saying that once it was now across, they couldn't rely – she couldn't rely on anything that was in that indictment previously? Well, she was left to go to trial. I guess she had – you know, what's counsel to do? This case is proceeding. We have ostensibly a firearm – a case involving firearm. That's what the whole case centered on. I don't know. He's convicted of firearm, correct? Or he's given a choice. Yes. And the jury decided firearm, correct? The jury who did not convict on firearm because that would have been a double and a half – only the felony murder. But to answer your question, how can we rely – how can we overturn – Was there a special interrogatory? There was an interrogatory, but that was based on the FOIA definition. The FOIA definition said that it didn't have to be operational. But our – What did the jury find? The jury found guilty of felony murder based on attempt to robbery. And what about the special interrogatory? What did they find there? It involved a firearm. What did they find? There was guilty of firearm. You know, but it wasn't the – he couldn't be found guilty of both. But, yes, it would be an incomplete judgment. I'm – it answered the interrogatory based on the instructions that they received. The instructions they received was that it was – it didn't have to consider. It was based on FOIA. But according to the case law, Skelton and Ross, they required the examination of what is the weapon? What – how does it meet firearm? Now, granted, in Ross and in Skelton, we were – the court was talking about dangerous weapon. But after the change in the statute, it's implicit that an examination of their weapon is also necessary. It just can't be – you examine dangerous weapon but not firearm? That's sort of – it doesn't make sense. If we agree with your argument that because the counts were nollie-cross, the defendant didn't know under what theory he was being charged, would that not lead to prosecutors never nollie-crossing additional charges? Or does it put defense counsel in the position of having to object to a nollie-cross charge, thereby placing his or her client in greater jeopardy? Well, your answer – your honors answered their question in hues. They were – just because something is nollie-cross, it's not gone forever. You could file new proceedings. You could ask the court to file a motion to vacate the state – file a motion to vacate the order of the nollie-cross. So it's not gone forever. But in our case, it wasn't even in the same room. It was – it was not off the table. It was just out. The defense has – can rely, as the public court ruled, it can – it has to rely on what the formal representations that the state makes. When they say nollie-cross, that means we're not interested in prosecuting this charge. Can you point to something during the trial where trial counsel was unable to present a defense because of this confusion? It appears that there was a great deal of evidence introduced about this weapon, whether it was a weapon or not. Correct? I don't know about that, your honor. The focus of the prosecution was, but if you look at the evidence, there was no testimony on the composition of this weapon, no – on the weight. I mean, if the state is arguing all these multiplicities of theories, where is that testimony? It's not there. I've never seen a criminal prosecution where the case involves a weapon, but the defendant can't go there, and the expert says, well, according to the statute, it's a firearm, without going into whether it can function as a firearm. At some point, this article was in such disrepair, it could not do what a firearm does, that being to create that gas to expel the projectile and to let that projectile go through the barrel. It was not a firearm within the context of what a firearm does. If your honors have no further questions, I rest my case. Thank you, counsel. Reply. A couple points, if I may, your honor. I believe I heard counsel say that we have not cited a single case where a felony murder conviction was upheld when there was only a single count that it was not felony murder. That's not true. Rosso Chalki, which is a decision from this court, which we cite and discuss in our brief, there was one count in that case, intentional murder. And this court found that the jury can be instructed and the defendant can be convicted under felony murder. So that's a case with one count, no mention of any predicate felony, and this court upheld a felony murder conviction. People v. Allen, another decision from this court, very similar. Murder was alleged, no mention of felony murder, no mention of a predicate felony. The defendant, nevertheless, this court upheld his felony murder conviction. The defendant also does not respond in any way to People v. Simmons, where this court specifically held that even in a pre-trial challenge to an indictment, the indictment does not have to include the statutory citation to the underlying predicate felony. He does not respond in any way to the three independent bases for finding no prejudice. The one he raises about the alternative theories for the reasons we've already discussed, that goes nowhere. As to the no lo pros, I think a couple things are getting confused here or left out in the defendant's argument. He has never cited a case where this court held, or any court held, that a no lo pros charge cannot be considered. I've researched that issue specifically, not been able to find a case. As I mentioned in our brief, and as I mentioned in my opening, in People v. Morris, this court held that an account that was dismissed prior to trial because it was based on a repealed criminal statute. In other words, a statute for which the defendant can never be convicted of. This court found that that was enough to provide missing elements to other charges in the account. I think it is a good policy to include no lo pros charges. As this court held in People v. Hughes, prosecutors no lo pros charges for a variety of reasons. Usually it's to streamline the case. That makes it easier for everyone. It makes it easier for the trial court. It makes it easier for the defendant. It makes it easier for the jury. We want to encourage prosecutors, when appropriate, to no lo pros. But frankly, if this court were to adopt a rule that no lo pros charges can never be considered, we as appellate lawyers would have to strongly consider telling prosecutors, do not no lo pros charges. Because they may be needed in cases like this, where the defendant waits until his petition for rehearing to say that there was something wrong with the indictment. That would not be a good rule for anyone. I would also note that even if this court did have some concerns about no lo pros, it should have no concerns in this case. Because first of all, the charges were no lo pros on the first day of trial. This didn't affect anyone's preparation. Second, in the exact same hearing in which the charges were no lo pros, the prosecutor said, on the record, the count we're proceeding under is felony murder based on attempted armed robbery with a firearm. Defense counsel said, yes, I understand that. So there was no confusion about the no lo pros. He plainly had notice of what the charges were. As to the cross appeal, I think I just want to mention a couple things briefly, if I may. Defense counsel just said that the defense counsel in the trial court was prohibited from arguing that the gun was not a firearm because it was not functional. Well, defense counsel, as I mentioned, expressly agreed that that was the law. So to the extent anyone was prohibited, it was prohibited because defense counsel agreed that's what the law is. And for the reasons I mentioned, that's exactly what the law is. Defense counsel seemed to take an issue with the fact that the FOID definition was used. Under Section 2-7.5, the criminal code expressly incorporates the FOID definition. The only cases he relies on are Ross and Skelton. Those cases are completely irrelevant to the only issue that's raised by his cross appeal, what's the exact definition of a firearm. They were based on old statutes that in no way examined what a firearm is. He also says repeatedly based on those cases that the law requires an examination of the firearm. That obviously occurred in this case. The state, first of all, put on eyewitness testimony the defendant used a firearm. Under this court's recent decision in People v. Wright, as well as a long list of other cases, that's enough, just eyewitness testimony. But the state actually went further in this case and put on expert testimony that the gun had all the essential parts of a firearm. It was designed to fire a projectile. It was designed to fire bullets, and that therefore it was a firearm. So unless there are any questions, we would again ask that the court uphold the defendant's felony murder conviction. Thank you. Thank you, counsel. Case number 121371, People v. Carey, will be taken under advisement as agenda number one. Mr. Cibula, Mr. Cerritos, we thank you for your arguments today. You are excused.